George Granby Attorney sbn 64143
33175 Temecula Pkwy Suite A-130
Temecula Ca. 92592
Tel 310-927-9966
Fax.
Attorney For Choua M Fang
georgegranby@gmail.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF RIVERSIDE,<br><br>Plaintiff,<br><br>v<br><br>Choua M Fang , individually<br><br>and Does 1-100<br><br>Defendants | **Case No:**<br><br>**HON:**<br>**[Removal from Superior Court of California, County of Riverside]**<br><br>**NOTICE OF REMOVAL OF CASE TO FEDERAL COURT PERSUANT TO 28 U.S.C. ¶1331 and ¶1446**<br><br>**(Federal Questions)** _____ |

**TO THE COURT AND THE PARTIES**:

Please take notice that Defendant,  Choua M Fang  Individually   herein after refered to as   Fang  hereby removes  this case from  this  State  Court the above captioned action to the federal court  as described further below:

**I    THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

That on  August  15 , 2022 The County of Riverside, State of California posted a
notice  for abatement of nuisnnace  per se  see Exhibit 1,  that on August 26,

FANG'S NOTICE OF REMOVAL OF THIS CASE  FROM STATE COURT TO FEDERAL COURT

Page 1

2022 the County  filed a Complaint for temporary restraining order preliminary and permanent injunctive relief for Abatement of nuisance, per se, a true and correct copy of the relevant pleadings i.e. summons and Complaints attached here to as Exhibit 2.

That   Choua M Fang   was NEVER Personally  served with the Summons and Complaint  But yet the County of Riverside filed a Ex-Parte application for Temporary Restraining order and OSC RE Preliminary Injunction against  Defendants  Exhibit 2 That the Plaintiff 's attorney Yana L. Ridge file a declaration in support of the County of Riverside Ex Parte Application  Exhibit 3

That on the Court went on and issued an  order  " Hearing held and continued to 9/21/2022 …"on County of Riverside's Ex Parte Application for Temporary Restraining Order and OSC RE Preliminary Injunction  . That on Sept 26-2022 the court granted the TRO except plaintiff need to correct some language and re submit to the court .  order on OSC RE preliminary injunction is granted   see order Exhibit 4

That Defendant  appearing thus far  in the state court

The Basis of  Choua M Fang 's   Cross-Complaint is the Plaintiffs complaint uses Riverside County Ordinances No 348  and 725 and claims that The Defendant violated the land use ordinances  and thus the county can and did claim her activities were a Nuisance  and a nuisance Per- Se .

The Basis of   Defendants  Cross – Complaint seeks Declaratory Relief to determine that the County Ordinances No 348 and 725  violates Equal Protection Clause of the U.S. Constitution and the California State Constitution.

Secondly the ordinances   violates her due process of law rights contained in U.S. Constitution and California State Constitution. Further that a Declaration is requested because the ordinances  Definition  of Nuisance conflicts and contradicts the California Codified definition contained in CCP ¶3479, ¶3480, and ¶3482 and case law progeny.

The final cause of action is that the plaintiff failed to exhaust all administrative remedies pre litigation.  Defendants  seeks  injunctive remedes as necessary  see Exhibit 5  cross-complaint

FANG'S NOTICE OF REMOVAL OF THIS CASE  FROM STATE COURT TO FEDERAL COURT

That as a Result Defendant  Hereby must remove this case to the Federal Court in order to hear the Federal Questions  to be raised

2. This removal is therefore timely because it is not barred by the provisions of 28 U.S.C. ¶1446 (b).

3. There are no other named Defendants in the action.

4. No previous requests have been made for the relief requested.

5. The Superior Court of California for the County of  Riverside  is located within the Central District of California see  28 U.S.C. ¶1441 (a).

6. This action is removable to the instant court because    Defendants Cross-Complaint could have been  as a Complaint  and could have been filed in this court pursuant to 28 U.S.C. ¶1441 (a) and/or (b). The  Cross-Complaint  presents several  federal questions. Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. ¶1367.

II    FEDERAL QUESTION: REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISIDICTION PURSUANT TO 28 U.S.C. ¶1331 AND ¶1441

7. The  Plaintiffs Complaint for  Temporary restraining order, preliminary and permanent injunctive relief for abatement of nuisance   subject to Necessity of Irreputable imminent harm and  strict notice requirements.

8. Secondly the ordinance violates  Defendants due process of law rights contained in U.S. Constitution and California State Constitution. Further that a Declaration is requested because the ordinance Definition of Nuisance conflicts and contradicts the California Codified definition contained in CCP ¶3479, ¶3480, and ¶3482 and case law progeny.

9.  The final cause of action is that the plaintiff failed to exhaust all administrative remedies pre litigation.  Defendant  seeks injunctive relief as necessary. .

10. Federal question jurisdiction exists because Defendants Cross-Complaint declaratory reliefs sought seeks to determine  Defendants and Plaintiffs Rights  and duties   under federal law. Wherefore   Defendant    ; respectfully removes this action

FANG'S NOTICE OF REMOVAL OF THIS CASE  FROM STATE COURT TO FEDERAL COURT

1  from the California Superior Court for the County of Riverside to this court pursuant to
2  28 U.S.C. ¶1331 and ¶1441.
3  Just and proper
4  Dated:   10 - 4  ,2022
5
6  George Granby Attorney for
7  By  Choua M Fang
8  Defendant /Cross Complaint
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FANG'S NOTICE OF REMOVAL OF THIS CASE FROM STATE COURT TO FEDERAL COURT

EXHIBIT 1

EXHIBIT 1



Robert Magee
Code Enforcement Director

# COUNTY OF RIVERSIDE
# CODE ENFORCEMENT DEPARTMENT

August 15, 2022

| Choua M Fang<br>1 P/W of 41785 JAY DEE LN<br>ANZA, CA 92539 *(For Posting Only)* | Owner(s) / Occupant(s)<br>1 P/W of 41785 JAY DEE LN<br>ANZA, CA 92539 *(For Posting Only)* |
| --- | --- |
| Choua M Fang<br>957 Reaney Ave #1,<br>Saint Paul, MN 55106 | |

Re:   1 P/W of 41785 Jay Dee LN ANZA, CA 92539
      (APN # 576-270-001) ('Property')
      Code Enforcement Case No. CVCA220338

Cease and Desist Unlawful Cannabis Cultivation in Violation of Riverside County Ordinance No. 348.

You must immediately contact Code Enforcement at (951) 955-2004 to schedule a compliance inspection to be conducted no later than August 25, 2022.

To Responsible Parties:

Pursuant to the County of Riverside ("County") investigation of the property, an unlawful cannabis cultivation site was determined to exist at the property. The continued unlawful cannabis cultivation at the property violates federal, state, and local laws.

THIS NOTICE IS TO INFORM YOU that the County prohibits unlawful cannabis cultivation as a public nuisance under Riverside County ORDINANCE ("RCO") No. 348. The County has the authority to locally control land uses and to regulate or ban cannabis cultivation within its jurisdiction. (See *City of Riverside V. Inland Empire Patient Health & Wellness Ctr.* 2013) 56 Cal. 4ᵗʰ 729, 738; see also Bus. & Prof. Code Sections 26200 and 26055). Notwithstanding the adoption of RCO No. 348.4898 on October 23, 2018, which became effective 60 days from its adoption date, cannabis cultivation is unlawful without a valid land use permit issued by the County and a valid license issued by the State of California.

PLEASE BE ADVISED that the County has used, and will continue to use, all available legal means to prohibit the use of any property within the unincorporated area of the County for unlawful cannabis cultivation. As provided by Government Code Section 25845, unpaid abatement costs may be specially assessed against the property and collected at the same time and in the same manner as the collection of ordinary county taxes. Additionally, any and all information pertaining to criminal activity related to unlawful cannabis cultivation within the unincorporated area of the County may be shared with appropriate law enforcement agencies to pursue criminal cases at the discretion of the agency.

ACCORDINGLY, YOU ARE HEREBY INSTRUCTED to immediately cease and desist the unlawful cannabis cultivation at the property. The violations of RCO No. 348 at the property have already resulted in abatement costs, including, but not limited to investigation costs, attorneys' fees, and civil penalties accruing at the rate of $1,000 per day from the date of this letter to each day of the violations persist.

In order to ensure proper and complete removal, abatement, and destruction of the unlawful cannabis cultivation at the property, contact the County Code Enforcement Department at (951) 955-2004 immediately to schedule a compliance date a
4080 LEMON STREET, 12ᵀᴴ FLOOR, RIVERSIDE, CALIFORNIA 92501
(951) 955-2004 • FAX (951) 955-8680

Page | 1

1 P/W of 41785 Jay Dee LN ANZA, CA 92539
(APN # 576-270-001) ('Property')
Code Enforcement Case No. CVCA220338
August 15, 2022

which compliance inspection must be scheduled for a date no later than, August 25, 2022, at which time the unlawful cannabis cultivation shall be, in the presence of at least one Code Enforcement officer, immediately destroyed and removed and/or turned over the members(s) of law enforcement agency(ies), as directed by Code Enforcement, for immediate removal, abatement and destruction.

**If a compliance inspection is not scheduled for a date on or before August 25, 2022, the County intends to immediately file a lawsuit against you.** Once abatement is complete and confirmed, you may contact the County Code Enforcement Department to discuss the final outstanding balance of any unpaid abatement costs and/or civil penalties, after which the County may release the Notice of Pendency recorded against the property.

Sincerely,

*J. Morris*

JENNIFER MORRIS
Supervising Code Enforcement Officer

ROBERT MAGEE
Code Enforcement Director

EXHIBIT 2

EXHIBIT 2

Electronically FILED by Superior Court of California, County of Riverside on 08/26/2022 09:33 AM
Case Number CVSW2205879 0000031810599 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Ricardo Herrera, Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CHOUA M. FANG, an individual; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
COUNTY OF RIVERSIDE

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Riverside Superior Court, Southwest Justice Center,
30755-D Auld Road, Murrieta, CA 92563

CASE NUMBER:
*(Número del Caso):*
CVSW2205879

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark J. Dillon (SBN 108329) / Yana L. Ridge (SBN 306532)
Gatzke Dillon & Ballance LLP, 2762 Gateway Road, Carlsbad, CA 92009          (760) 431-9501

DATE: 08/26/2022          Clerk, by _____, Deputy
*(Fecha)*          *(Secretario)*          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]  GC68150(g)

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

Electronically FILED by Superior Court of California, County of Riverside on 08/26/2022 03:33 AM
Case Number CVSW2205879 0000031810596 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Ricardo Herrera, Clerk

Mark J. Dillon (State Bar No. 108329)
Yana L. Ridge (State Bar No. 306532)
Gatzke Dillon & Ballance LLP
2762 Gateway Road
Carlsbad, California 92009
Telephone:      (760) 431-9501
Facsimile:      (760) 431-9512
Email:          mdillon@gdandb.com
                yridge@gdandb.com

(Exempt from Filing Fees
Pursuant to Govt. Code § 6103)

Attorneys for County of Riverside

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF RIVERSIDE

COUNTY OF RIVERSIDE,

        Plaintiff,

        v.

CHOUA M. FANG, an individual; and DOES
1 through 100, inclusive,

        Defendants.

Case No.: CVSW2205879

**VERIFIED COMPLAINT FOR
INJUNCTIVE RELIEF TO ABATE A
PUBLIC NUISANCE AND NUISANCE
PER SE**

**(Deemed Verified Per CCP § 446)**

1

1   Plaintiff, County of Riverside, a political subdivision of the State of California, on behalf of

2   the people of the State of California, alleges against Defendants, Choua M. Fang, an individual, and

3   DOES 1 through 100, inclusive (collectively, Defendants) as follows:

4   **PARTIES, JURISDICTION, AND VENUE**

5   1.   Plaintiff County of Riverside (County) is, and at all times relevant herein was, a

6   general law county and a political subdivision of the State of California.

7   2.   The real property, including all structures and buildings, which is the subject of this

8   action, is located at 1 P/W of 41785 Jay Dee Lane, Anza, California 92539, within the

9   unincorporated area of the County and more particularly described as Assessor's Parcel No. 576-

10   270-001 (Property). The Property is located within the R-R zone (Rural Residential).

11   3.   Defendant Choua M. Fang is, and at all times relevant herein has been, an individual

12   who is the owner of the Property and is causing, leasing, allowing, permitting, aiding, abetting,

13   suffering or concealing the unlawful cannabis cultivation at or from the Property, in violation of the

14   Riverside County Ordinances. Defendant's mailing address, as indicated on the latest Grant Deed

15   recorded November 24, 2020, is 957 Reaney Avenue, Apt. 1, Saint Paul, MN 55106.

16   4.   Each Defendant has actual or constructive knowledge of the unlawful use of the

17   Property.

18   5.   Defendants named as DOES 1 through 100, inclusive, are sued and designated by

19   fictitious names pursuant to section 474 of the Code of Civil Procedure because their true names

20   and capacities are unknown to the County. The County will amend this Complaint to reflect the

21   true names and capacities of any fictitiously named defendants when ascertained. The County is

22   informed and believes, and thereon alleges, that each DOE Defendant is responsible in some

23   manner for the nuisance and violation of the County's land use ordinances herein alleged.

24   6.   The County is informed and believes, and on that basis alleges, that at all times

25   mentioned herein, each Defendant was, and now is, the agent, officer, employee, member,

26   representative, or alter ego of one or more of the remaining Defendants, and in engaging in

27   activities alleged herein, was acting within the scope of his, her or its authority as such agent,

28

2

7

1    officer, employee, member, representative, or alter ego with the permission and consent of the
2    remaining Defendants.

3        7.      Defendants maintain and permit the nuisance at the Property, and, as a result, the
4    County files this action to enjoin Defendants from permitting and maintaining the nuisance, to abate
5    the nuisance, and to obtain all additional relief to which the County is entitled on behalf of its
6    residents.

7        8.      Defendants and each of them are directly responsible for the activities occurring on
8    the Property as set forth below, are responsible for continuing violations of the laws and public
9    policy of the State of California and/or local codes, regulations and/or requirements applicable to
10   Defendants' operation and activities at the Property, and/or have permitted, allowed, caused, or
11   indirectly furthered the activities at the Property alleged herein, and Defendants' use of and
12   activities at the Property, or allowance of such uses and activities, are inimical to the rights and
13   interests of the general public and constitute unlawful business practices, nuisances and/or
14   violations of law.

15       9.      Venue is proper in this Judicial District because the subject Property is located in this
16   district.

17                              **GENERAL ALLEGATIONS**

18       10.     The County has a duty and interest in protecting the public health, safety, and
19   welfare within its jurisdiction through enactment of ordinances which apply to all persons and
20   entities within the County and to all persons and entities that own property or do business within the
21   County. The County has the right, pursuant to the California Constitution, Article XI, Section 7, to
22   ensure that property and businesses located within the unincorporated areas of the County comply
23   with the County's ordinances.

24       11.     The County has a well-established right to control land uses within the
25   unincorporated areas of the County and to enforce its zoning and other land use ordinances.
26   Specifically, this right has been held to apply to local government bans on cannabis businesses and
27   cannabis activities. (*City of Riverside v. Inland Empire Patient's Health & Wellness Center* (2013)
28   56 Cal.4th 729, 738.) The Medicinal and Adult Use Cannabis Regulation and Safety Act

1  (MAUCRSA) also recognizes local control and the ability of local governments to prohibit or
2  regulate cannabis businesses or cannabis activities. (Bus. & Prof. Code, §§ 26200, 26055.)

3      12.    Riverside County Ordinance (RCO) No. 348.4898, which amended RCO No. 348
4  and became effective on December 23, 2018, establishes a regulatory system for cannabis
5  businesses and cannabis activities, including cannabis cultivation, within the unincorporated areas
6  of the County of Riverside.

7      13.    RCO No. 348 provides the following definitions:

8          a. "Cannabis Cultivation" is "Any activity involving the planting,
9             growing harvesting, drying, curing, grading or trimming of cannabis."

10         b. "Commercial Cannabis Activities" is the "cultivation, possession,
11            manufacture, distribution, processing, storing, laboratory testing,
12            packaging, labeling, transportation, delivery or sale of Cannabis and
13            cannabis products as provided for in this division."

14         c. "Indoor Cannabis Cultivation" is the "cultivation of Cannabis within a
15            permanent structure using exclusively artificial light or within any type
16            of structure using artificial light at a rate of twenty-five (25) watts per
17            square foot."

18         d. "Mixed Light Cannabis Cultivation" is the "cultivation of Mature
19            Cannabis Plants in a greenhouse, hoop structure, glasshouse,
20            conservatory, hothouse, or other similar structure."

21         e. "Outdoor Cannabis Cultivation" is the "cultivation of Mature Cannabis
22            Plants without the use of artificial lighting in a Canopy area at any
23            point in time. The growing of only immature cannabis plants at a
24            legally permitted Cannabis Wholesale Nursery is not considered
25            Outdoor Cannabis Cultivation."

26     14.    RCO No. 348 prohibits any Commercial Cannabis Activity within the
27  unincorporated area of the County without an approved conditional use permit issued by the County
28  and a valid cannabis license issued by the State of California. RCO No. 348 declares any

4

9-

1   Commercial Cannabis Activity conducted in the unincorporated areas of the County of Riverside
2   without an approved conditional use permit and a valid state cannabis license to be a public
3   nuisance which the County may abate by any means permitted by law.

4       15.   RCO No. 348 continues to prohibit all Outdoor Cannabis Cultivation in the
5   unincorporated areas of the County, subject to limited exemptions and exceptions.

6       16.   RCO No. 348 provides that the procedures, remedies, and penalties for violation of
7   RCO No. 348 and for recovery of costs related to enforcement are governed by RCO No. 725,
8   which is incorporated herein by this reference.

9       17.   RCO No. 348 section 3.3 provides in relevant part, "When a use is not specifically
10   listed as permitted or conditionally permitted in a zone classification, the use is prohibited unless, in
11   circumstances where this ordinance empowers them to do so, the Planning Director makes a
12   determination that the use is substantially the same in character and intensity as those uses permitted
13   or conditionally permitted in the zone classification."

14       18.   At all times relevant herein, RCO No. 725 has been in full force and effect. RCO No.
15   725 provides that any condition on public or private real property within the unincorporated areas of
16   the County which is caused, maintained or permitted to exist in violation of any provision of the
17   County's Land Use Ordinance(s), including violations of RCO No. 348, shall be and the same is
18   declared unlawful and a public nuisance.

19       19.   Among other non-exclusive remedies, RCO No. 725 authorizes the Riverside County
20   Counsel to commence judicial proceedings for the abatement, removal, correction, and enjoinment
21   of any act or practice which constitutes a violation of any provision of the County's Land Use
22   Ordinances.

23       20.   RCO No. 725 further mandates civil penalties against violators of up to One
24   Thousand Dollars ($1,000.00) for each day or portion thereof that a violation of any Land Use
25   Ordinance continues to exist, providing:

26       Any person, whether acting as principal, agent, employee, owner, lessor, lessee,
          tenant, occupant, operator, contractor or otherwise, who willfully violates the
27      provisions of any Land Use Ordinance or any rule, regulation, order or conditions
          of approval issued thereunder by committing, causing, allowing, maintaining,
28      continuing or otherwise permitting a violation of any Land Use Ordinance shall

1    be liable for a civil Penalty not to exceed $1,000.00 for each day or portion

2    thereof, that the violation continues to exist.

3        21.    In addition, RCO No. 725 and Government Code sections 25845(a) and (c) authorize

4    an award of abatement costs, including attorneys' fees, to the County for abatement of nuisances

5    committed within its jurisdiction.

6        22.    RCO No. 803 section 5 states that "[w]henever in the ordinances of the County any

7    act or omission is made unlawful, it shall include causing, allowing, permitting, aiding, abetting,

8    suffering, or concealing the fact of such act or omission." At all times relevant herein, RCO No.

9    803 has been in full force and effect.

10                          **RELEVANT FACTUAL BACKGROUND**

11       23.    On August 15, 2022, Riverside County Code Enforcement Officer Geovani Olivas

12   was conducting field investigation in the area of Anza. His view of the Property was clear and

13   unobstructed, and through the chain link fence he observed cannabis plants being cultivated at the

14   Property, outdoors among natural vegetation, with an intent to disguise the cannabis plants. Due to

15   the size of the lot (approximately 10 acres), and based on his knowledge and experience, Officer

16   Olivas estimated that approximately 500 cannabis plants were growing at the Property.

17       24.    RCO No. 348 prohibits all Commercial Cannabis Activity, which includes Cannabis

18   Cultivation, in the following zones: R-R, R-R-O, R-1, R-1A, R-A, R-2, R2-A, R-3, R-3A, R-T, R-

19   T-R, R-4, R-5, R-6, R-7, C/V, C-C/V, WC-R, WC-W, WC-WE, WC-E, W-2, R-D, N-A, W-2-M,

20   W-1, W-E, M-R, M-R-A and MU.

21       25.    Because the Property is located in a residential zone, the cannabis operations at the

22   Property are unlawful under RCO No. 348. Officer Olivas photographed the violations and posted a

23   cease and desist notice at the Property, which instructed Defendant to immediately discontinue the

24   unlawful cannabis cultivation operations at the Property and schedule a compliance inspection

25   before August 25, 2022. The cease and desist notice was also mailed to Defendant at the Property

26   and mailing addresses available to the County for Defendant.  Code Enforcement Case No.

27   CVCA220338 was initiated.

28

                                        6

26.     On August 18, 2022, Code Enforcement received a letter in the mail from "an occupant of the property at parcel number 576-270-001," which is the Property's parcel number. The letter is type-written except for the signature and does not mention the name of the sender. The letter states, "You left a violation to me on my posted on my gate I do not agree. I refuse to let any one and I do not want anyone coming on to the property as above described." (The errors, missing punctuation, and formatting are as they appear in the original.) The letter indicates that Defendants received the cease and desist notice and are apprised of the illegality of their operations at the Property, but they do not have any desire to discontinue the unlawful activities at the Property. As a result, the County has no other option but to pursue this action to enjoin Defendants from causing, allowing, permitting, aiding, abetting, suffering, or concealing the unlawful Cannabis Cultivation at or from the Property, in violation of RCO No. 348.

## FIRST CAUSE OF ACTION
## PUBLIC NUISANCE
### (Against All Defendants)

27.     The County realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if they were fully set forth herein.

28.     Civil Code section 3479 defines a nuisance as including "[a]nything which is... offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free ... use, in the customary manner, of any ... public ... street, or highway ...."

29.     Civil Code section 3480 defines a public nuisance as "one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal."

30.     Riverside County Code (RCC) section 1.16.020 defines a nuisance as follows: "Any condition on public or private property located within the unincorporated areas of the County of Riverside which is caused, maintained or permitted to exist in violation of any provision of a land use ordinance shall be and the same is hereby declared unlawful and a public nuisance that may be abated consistent with the procedures provided for in this chapter, or in any other manner provided by law."

31.     "[A]n affected party need not wait until actual injury occurs before bringing an action to enjoin a nuisance" (*Beck Development Co., Inc. v. Southern Pacific Transportation Co.* (1996) 44 Cal.App.4th 1160, 1213); "mere apprehension of injury from a dangerous condition may constitute a nuisance where it interferes with the comfortable enjoyment of property ...." (*Mclvor v. Mercer-Fraser Co.* (1946) 76 Cal.App.2d 247, 254.)  It is sufficient, therefore, "that a defendant's acts are likely to cause a significant invasion of a public right" (*In re Firearms Cases* (2005) 126 Cal.App.4th 959, 988), such as "where acts which create a public nuisance are about to be committed...." (*McClatchy v. Laguna Lands Ltd.* (1917) 32 Cal.App. 718, 725.)

32.     "Public nuisance liability 'does not hinge on whether the defendant owns, possesses or controls the property, nor on whether he is in a position to abate the nuisance; the critical question is whether the defendant created or assisted in the creation of the nuisance.' [Citation]." (*Melton v. Boustred* (2010) 183 Cal.App.4th 521, 542; see also *County of Santa Clara v. Atlantic Richfield Co.* (2006) 137 Cal.App.4th 292, 306; *City of Modesto Redevelopment Agency v. Superior Court* (2004) 119 Cal.App.4th 28, 38; *Mangini v. Aerojet-General Corp.* (1991) 230 Cal.App.3d 1125, 1137; *California Department of Toxic Substances v. Payless Cleaners* (E.D. Cal. 2005) 368 F.Supp.2d 1069, 1081.)

33.     Civil Code section 3491 provides in relevant part that the "remedies against a public nuisance are indictment or information, a civil action or abatement."  Abatement typically is "accomplished by a court of equity by means of an injunction proper and suitable to the facts of each case." (*Sullivan v. Royer* (1887) 72 Cal. 248, 249; see also *People v. Selby Smelting and Lead Co.* (1912) 163 Cal. 84, 90.)

34.     Code of Civil Procedure section 731 authorizes a city attorney to bring an action to enjoin or abate a public nuisance.  It provides, in relevant part, that "[a] civil action may be brought in the name of the people of the State of California to abate a public nuisance ... by the city attorney of any town or city in which such nuisance exists ...."

35.     From an exact date unknown, and at all times herein mentioned, Defendants have been causing, allowing, permitting, aiding, abetting, suffering, or concealing the unlawful Cannabis Cultivation at or from the Property, in violation of RCO No. 348.

36.   The Property is located in the R-R (Rural Residential) zone, a zone in which Commercial Cannabis Activity is expressly prohibited. Thus, Commercial Cannabis Activity is not a permitted use in the R-R zone, and RCO No. 348 section 3.3 provides that "when a use is not specifically listed as permitted or conditionally permitted in a zone classification, the use is prohibited[.]" Defendants have willfully been in violation of RCO No. 348 since, at a minimum, the first date that Code Enforcement personnel observed the violation of RCO No. 348 giving rise to this Complaint.

37.   The County has sustained and will continue to sustain great and irreparable injury because the unlawful Cannabis Cultivation at or from the Property violates zoning laws intended to protect the general health, safety, and welfare of the public, and constitutes a continuing public nuisance.

38.   The County cannot be fully compensated in damages and is without a plain, speedy, or adequate remedy at law because the exact amount of the damages to the general public's health, safety and welfare are unascertainable.

39.   Unless each Defendant is restrained and enjoined by order of this court and/or the court provides other equitable relief permissible by law, Defendants will continue to cause, lease, allow, permit, aid, abet, suffer, or conceal the unlawful Cannabis Cultivation in violation of RCO No. 348, as evidenced by their continuing actions and knowing refusal to comply with the County's Ordinance(s).

40.   Accordingly, the County seeks injunctive relief: (1) abate the unlawful Cannabis Cultivation, (2) remove all tenant improvements or construction performed on the Property without the necessary building permits, (3) remove and sell all fixtures and equipment on the Property used in aiding or abetting the nuisance, and (4) remove and turnover to a law enforcement agency — including but not limited to the Riverside County Sheriff Department and/or the Cannabis Regulation Task Force — for destruction, all cannabis plants, portions thereof, or products thereof, as necessary to secure compliance with the County laws and to abate the public nuisance caused by the acts complained of herein.

VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF TO ABATE
A PUBLIC NUISANCE AND NUISANCE PER SE

41.   The County has incurred, and continues to incur, investigative fees and costs, attorneys' fees, and abatement costs as defined in RCO No. 725, in investigating and abating the violations of RCO No. 348 at the Property.

## SECOND CAUSE OF ACTION
### PUBLIC NUISANCE PER SE
### (Against All Defendants)

42.   The County realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if they were fully set forth herein.

43.   "A legislatively declared public nuisance constitutes a nuisance per se against which an injunction may issue without allegation or proof of irreparable injury." (*People ex rel. Department of Public Works v. Adco Advertisers* (1973) 35 Cal.App.3d 507, 511-512.)

44.   "The concept of a nuisance per se arises when a legislative body with appropriate jurisdiction, in the exercise of police power, expressly declares a particular object or substance, activity, or circumstance, to be a nuisance." (*Beck Development Co. Inc., supra*, 44 Cal.App.4th 1160, 1206; *Jones v. Union Pacific Railroad Co.* (2000) 79 Cal.App.4th 1053, 1068; *Amusing Sandwich, Inc. v. City of Palm Springs* (1985) 165 Cal.App.3d 1116, 1129.)

45.   "By ordinance the city legislative body may declare what constitutes a nuisance." (Government Code section 38771; see also *City of Bakersfield v. Miller* (1966) 64 Cal.2d 93, 100; *People ex rel. Department of Transportation v. Outdoor Media Group* (1993) 13 Cal.App.4th 1067, 1076-1077; *City of Costa Mesa v. Soffer* (1992) 11 Cal.App.4th 378, 382-383.)

46.   RCC section 1.16.020 defines a nuisance as follows: "Any condition on public or private property located within the unincorporated areas of the County of Riverside which is caused, maintained or permitted to exist in violation of any provision of a land use ordinance shall be and the same is hereby declared unlawful and a public nuisance that may be abated consistent with the procedures provided for in this chapter, or in any other manner provided by law." RCC section 1.16.030 further provides: "Each and every day, or any portion thereof, during which any violation of a land use ordinance or the rules, regulations, orders, permits or conditions of approval issued thereunder is committed, continued, or permitted by such person, shall be deemed a separate and distinct offense."

10

47.     With respect to the nuisance abatement process, the County Code specifically provides: "All remedies and penalties for the abatement of public nuisances provided for in this chapter shall be cumulative and not exclusive. Enforcement by use of any administrative, criminal or civil action, citation or administrative proceeding or abatement remedy does not preclude the use of additional citations or other remedies as authorized by other ordinance or law. Enforcement remedies may be employed concurrently or consecutively." (RCC, section 1.16.030.)

48.     "Nuisances per se are so regarded because no proof is required, beyond the actual fact of their existence, to establish the nuisance." (*City of Claremont v. Kruse* (2009) 177 Cal.App.4th 1153, 1164 [citation and internal quotation marks omitted]; see also *City of Costa Mesa, supra*, 11 Cal.App.4th at p. 382; *McClatchy, supra*, 32 Cal.App. 718, 725 ) "[W]here the law expressly declares something to be a nuisance, then no inquiry beyond its existence need be made and in this sense its mere existence is said to be a nuisance per se." (*Beck Development Co. Inc., supra*, 44 Cal.App.4th at p. 1207.) "No ill effects need to be proved." (*McClatchy, supra*, 32 Cal.App. at p. 725.)

49.     "[A]ll parties to a nuisance per se, he who creates it and he who maintains it, are responsible for its effect, without limitations of conditions or time." (*Id.*; see also *City of Bakersfield, supra*, 64 Cal.2d at p. 100; *Amusing Sandwich, Inc, supra*, 165 Cal.App.3d at p. 1129.)

50.     "The abatement of a public nuisance pursuant to a reasonable exercise of the police power does not require the payment of compensation at all." (*People ex rel. Department of Transportation v. Hadley Fruit Orchards, Inc.* (1976) 59 Cal.App.3d 49, 53.)

51.     Commercial Cannabis Activity, observed by Code Enforcement at the Property, is expressly prohibited in the zone, in which the Property is located. Pursuant to the RCC, Defendants' use of and operations at the Property in violation of its zoning requirements constitute a public nuisance per se. Defendants' continued use of the Property for unlawful Commercial Cannabis Activity adversely affects and impacts the entire community and neighborhood, and the current illegal condition of the Property is injurious to the health and safety of members of the community.

11

52.   As a proximate result of the public nuisance and nuisance per se conditions, alleged herein or to be shown by evidence, which conditions have been maintained and/or permitted by Defendants, and each of them, at the Property, the public health, welfare, and safety have been, and continue to be, severely jeopardized.

53.   Defendants will, unless restrained by this Court, continue to operate, maintain, or allow the public nuisance and nuisance per se conditions and activities at the Property to continue in violation of the rights of the County and the public.

54.   The County has no plain, speedy, or adequate remedy at law.  A temporary injunction to prohibit Defendants from maintaining and operating the Property for the use expressly prohibited in the R-R zone is immediately necessary to abate and prevent the continuance and/or recurrence of the nuisance and nuisance per se and violations of the County Ordinances presented by the current and continuing conditions and activities at the Property.

55.   Pursuant to Civil Code section 3496 and RCC, or as otherwise may be provided by law, the County is entitled to recover its costs, including law enforcement costs and attorneys' fees, and/or penalties for prevailing on the nuisance claim.

### THIRD CAUSE OF ACTION
### INJUNCTIVE RELIEF
### (Against All Defendants)

56.   The County realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if they were fully set forth herein.

57.   Defendants' use and operations at the Property as alleged above is illegal, is a public nuisance, and poses an immediate threat to the public health, safety, and welfare of the community.

58.   The RCC declares such actions by Defendants to be illegal and a public nuisance, and specifically authorizes the County to commence an action for injunctive relief for the abatement, removal, and enjoinment of public nuisances.

59.   The County has demanded that Defendants bring the Property into compliance with the RCC and applicable ordinances.  Defendants have had, and continue to have, the ability to maintain and operate the Property in compliance with the above referenced code and ordinances.

*VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF TO ABATE*
*A PUBLIC NUISANCE AND NUISANCE PER SE*

1  Defendants have not abated the nuisance and continue to fail and refuse to bring the Property into

2  compliance.

3      60.    Defendants' wrongful conduct, unless and until enjoined, will cause great and

4  irreparable injury to the County in that the public will be subject to the unlawful nuisances and the

5  public's health, safety, and welfare will continue to be threatened thereby.

6      61.    The County does not have a plain, speedy, or adequate remedy at law, in that

7  monetary damages do not compensate for the unlawful maintenance and use of the Property as

8  alleged herein, and money damages will not alleviate the dangers to health and safety risks posed

9  thereby to members of the public.

10     62.    Injunctive and abatement relief is necessary to enjoin and abate the continuing

11 violations of the RCC and RCO No. 348, as set forth above, and to ensure that the use of the

12 Property is in compliance with the law, and not a threat to the public health, safety, and welfare.

13 Injunctive relief is additionally expressly authorized by the Code of Civil Procedure.

14     63.    In maintaining the public nuisance complained of herein, Defendants are acting with

15 full knowledge of the consequences and provisions of the law, and their conduct is willful,

16 malicious, and intentional.

17     64.    Preliminary and permanent injunctions are necessary to abate and prevent

18 continuance of the public nuisances described above.

19     65.    Pursuant to the RCC and as authorized by other applicable law, the County will seek

20 recovery of its attorney's fees for enforcing its Code and Ordinances.

21                    **PRAYER FOR RELIEF**

22     WHEREFORE, the County prays for judgment against all Defendants, and each of them, as

23 follows:

24 AS TO ALL CAUSES OF ACTION:

25     1.    For a judicial declaration that the Property and the existing conditions and activities

26 thereon are in violation of RCO No. 348, and are a public nuisance and public nuisance per se.

27     2.    For a temporary restraining order, preliminary injunction, and permanent injunction

28 enjoining and prohibiting each Defendant, as well as all of their agents, officers, employees,

13

representatives, members, volunteers, cultivators, assignees, successors, and all persons acting for or in concert with them, from causing, leasing, allowing, permitting, aiding, abetting, suffering, or concealing the unlawful Cannabis Cultivation at the Property — including buildings and structures thereon, which include but are not limited to any permanent structures, accessory structures, greenhouses, hoop structures, glasshouses, conservatories, hothouses, enclosures, as well as shipping containers, recreational vehicles, trailers, modular, motorhomes, and/or mobile units, or other similar structures, buildings, and items (collectively referred to as "structures" and/or buildings") — or at any other property located within the unincorporated areas of the County of Riverside in the absence of all required County and State permits and licenses;

3.     For a temporary restraining order, preliminary injunction, and permanent injunction enjoining and requiring each Defendant, as well as all of their agents, officers, employees, representatives, members, volunteers, cultivators, successors, assignees, and all persons acting for or in concert with them, immediately to cease committing further violations of RCO Nos. 348 and 725, and specifically and immediately require them to:

a.  Permanently cease the unlawful Cannabis Cultivation at or from the Property or any other property within the unincorporated areas of the County, whether fixed or mobile or delivery.

b.  Permanently remove all cannabis, cannabis plants, cannabis-related equipment and supplies, and any and all personal property related to and/or used in conjunction with the unlawful Cannabis Cultivation (collectively referred to as Personal Property or Inventory) at the Property.

c.  Lawfully remove any room additions and/or any modifications to the structures of the Property, as related to the unlawful Cannabis Cultivation.

d.  Notify all persons with an interest in the unlawful Cannabis Cultivation of the Court orders.

4.     For a temporary restraining order, preliminary and permanent injunction (Injunctive Order) authorizing the County and its personnel — including employees of the County Code

14

VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF TO ABATE
A PUBLIC NUISANCE AND NUISANCE PER SE

1   Enforcement Department accompanied by employees of the Sheriff's Department, Cannabis
2   Regulation Task Force, the Department of Environmental Health, the Fire Department and other
3   applicable governmental agencies and departments, their contractors, representatives, and
4   employees — to enter onto the Property to do all of the following, including the use of such force as
5   reasonably necessary in so doing:

6       a.  At least eight (8) hours prior to carrying out the remaining provisions of
7           the Injunctive Order:

8           i.  Post notice of the Injunctive Order in visible locations at the
9              Property, including but not limited to on exterior fences, gates,
10             building(s), structure(s), doors of the building(s) or structure(s),
11             and/or rooms therein on the Property and distribute the Injunctive
12             Order to any persons present on the Property.

13      b.  After at least eight (8) hours have elapsed from the posting of the
14          Injunctive Order:

15          i.  Immediately confiscate, abate, destroy, and dispose of all cannabis,
16             cannabis plants, cannabis products, marijuana, medical cannabis,
17             and/or medical marijuana, including all parts thereof (collectively,
18             Cannabis) remaining at the Property and related to the unlawful
19             Cannabis Cultivation in violation of the Injunctive Order.

20          ii.  Immediately confiscate, abate, and remove any Personal Property
21             and/or Inventory remaining at the Property and related to the
22             unlawful Cannabis Cultivation in violation of the Injunctive Order
23             for the purpose of safekeeping and maintenance of such Personal
24             Property and/or Inventory for a period of thirty (30) calendar days.
25             If the responsible party does not claim the Personal Property and/or
26             Inventory confiscated by the County Sheriff's Department within
27             thirty (30) calendar days, then the Personal Property and/or
28             Inventory will be deemed lawfully abandoned and the County

1

2

3

4

5

                Sheriff's Department is authorized to take possession, discard, and/or destroy such confiscated Personal Property and/or Inventory. The Cannabis is excepted from and shall not be subject to the thirty (30) calendar days of safekeeping and maintenance of Personal Property and/or Inventory.

6

7

8

9

10

11

12

13

14

15

16

17

18

   iii.     Padlock, board up, or otherwise secure the Property so as to prohibit the operating, causing, allowing, permitting, aiding, abetting, suffering, concealing, or granting permission to use the Property for an Unlawful Cannabis Cultivation in violation of RCO Nos. 348 and 725 and the Injunctive Order. The padlock, board up, or otherwise securing of the Property so as to prohibit the operating, causing, allowing, permitting, aiding, abetting, suffering, concealing, or granting permission to use the Property for an unlawful Cannabis Cultivation in violation of RCO Nos. 348 and 725 shall remain in place only until such time as the Property owners or occupants remove any remaining Personal Property/Inventory and the Riverside County Code Enforcement Department conducts a final inspection for compliance.

19

20

21

22

     5.    For individual and separate liability of civil penalties as to each Defendant pursuant to RCO No. 725 not to exceed the amount of One Thousand Dollars ($1,000.00) per violation per day accruing from the date of discovery of the violation until such time as the public nuisance in violation of RCO No. 348 is permanently abated;

23

24

25

26

27

     6.    For joint and several liability for abatement costs not to exceed $500,000.00 pursuant to RCO No. 725 and Government Code Section 25845, including investigation costs, enforcement costs, collection and administrative costs, reasonable attorneys' fees and expenses, costs of suit, and costs associated with removal or correction of violation, which are in addition to and separate from all civil penalties; and

28

                                 16.

1    7.    For such other and further relief as the Court deems just and proper.

2    August 26, 2022

3                                    Gatzke Dillon & Ballance LLP
                                     Attorneys for Plaintiff, County of Riverside
4

5    By: _____

6                                    Mark J. Dillon

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

# EXHIBIT 2

EXHIBIT 2

2-3

Electronically FILED by Superior Court of California, County of Riverside on 09/09/2022 · 2:27 PM
Case Number CVSW2205879 0000033226292 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Jaime Hendrickson, Clerk

1  Mark J. Dillon (State Bar No. 108329)
2  Yana Ridge (State Bar No. 306532)
   Gatzke Dillon & Ballance LLP
3  2762 Gateway Road
   Carlsbad, California 92009
4  Telephone:    (760) 431-9501
   Facsimile:    (760) 431-9512
5  Email:        mdillon@gdandb.com
               yridge@gdandb.com
6

7  Attorneys for County of Riverside

8

9

10

11

12

                                        (Exempt from Filing Fees
                                        Pursuant to Govt. Code § 6103)

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF RIVERSIDE**

| | |
|---|---|
| COUNTY OF RIVERSIDE, | ) Case No.: CVSW2205879 |
| Plaintiff, | ) |
| v. | ) Assigned for All Purposes to: Honorable |
| | ) Judge Craig Riemer in Dept. 1 |
| CHOUA M. FANG, an individual; and DOES | ) |
| 1 through 100, inclusive, | ) **COUNTY OF RIVERSIDE'S NOTICE** |
| | ) **OF EX PARTE APPLICATION FOR** |
| Defendants. | ) **TEMPORARY RESTRAINING ORDER** |
| | ) **AND ORDER TO SHOW CAUSE RE:** |
| | ) **PRELIMINARY INJUNCTION** |
| | ) |
| | ) RESERVATION NUMBER: 401715397930 |
| | ) |
| | ) Hearing Date: September 15, 2022 |
| | ) Time: 8:30 a.m. |
| | ) Dept.: 1 |
| | ) |
| | ) Complaint Filed: August 26, 2022 |

1

COUNTY OF RIVERSIDE'S NOTICE OF EX PARTE APPLICATION
FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY
INJUNCTION

84

1       NOTICE IS HEREBY GIVEN that, on September 15, 2022 at 8:30 a.m. or as soon

2   thereafter as the matter may be heard in Department 1 of the Riverside County Superior Court

3   located at 4050 Main Street, Riverside, California 92501, Plaintiff County of Riverside (County), in

4   the name of the People of the State of California, will and hereby does apply ex parte to this Court

5   for a Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction against

6   Defendant Choua M. Fong (Defendant), to enjoin Defendant from engaging in unlawful cannabis

7   cultivation in violation of Riverside County Ordinance (RCO) Nos. 348 and 725.

8       The County will seek a temporary restraining order (TRO) and order to show cause re:

9   preliminary injunction prohibiting Defendant and all of Defendant's agents, officers, employees,

10  representatives, members, volunteers, cultivators, assignees, successors, and all persons acting for

11  or in concert with Defendant from: (1) causing, leasing, allowing, permitting, aiding, abetting,

12  suffering, or concealing unlawful cannabis cultivation, including all related improvements, located

13  at 1 P/W of 41785 Jay Dee Lane, Anza, California 92539, within the unincorporated area of the

14  County and more particularly described as Assessor's Parcel No. 576-270-001 (Property), without

15  all required County and State permits and licenses; and (2) maintaining a public nuisance in

16  violation of RCO Nos. 348 and 725 by requiring Defendants immediately and permanently to: (a)

17  cease and desist the unlawful cannabis cultivation at or from the Property or any other property

18  within the unincorporated areas of the County; (b) lawfully remove all cannabis, cannabis plants,

19  cannabis-related equipment, improvements, and supplies, and any and all personal property related

20  to and/or used in conjunction with the unlawful cannabis cultivation (collectively referred to as

21  Personal Property or Inventory) at the Property; (c) lawfully remove any construction without

22  permit at the Property related to the unlawful cannabis cultivation; and (d) notify all persons with an

23  interest in the unlawful cannabis cultivation of all of the terms of the Court's TRO and order to

24  show cause re: preliminary injunction.

25      The County also will seek a TRO and order to show cause re: preliminary injunction

26  authorizing the County and its personnel — including the Code Enforcement Department with

27  employees of the Sheriff's Department, the Cannabis Regulation Task Force, the Department of

28  Environmental Health, the Fire Department, and/or other applicable governmental agencies and

2

25

1   departments, their contractors, representatives, and employees, and court-appointed receiver — to

2   use such force as reasonably necessary to do all of the following: (1) immediately confiscate, abate,

3   destroy, and dispose of all cannabis, cannabis plants, cannabis products, marijuana, medical

4   cannabis, and/or medical marijuana, including all parts thereof (collectively referred to as Cannabis)

5   remaining at the Property and related to the unlawful cannabis cultivation; (2) immediately

6   confiscate and remove any Personal Property and/or Inventory, not including Cannabis, remaining

7   at the Property and related to the unlawful cannabis cultivation for the purpose of safekeeping and

8   maintaining for a period of thirty (30) calendar days after which any unclaimed Personal Property

9   and/or Inventory will be deemed lawfully abandoned; and (3) padlock, board up, or otherwise

10  secure the Property — excluding inhabited dwellings — so as to prohibit Defendants from engaging

11  in unlawful cannabis cultivation at the Property.

12      This Ex Parte Application is brought on the grounds that Defendant is engaging in unlawful

13  cannabis cultivation within the unincorporated areas of the County in violation of RCO Nos. 348

14  and 725; that the County has the right to enforce its ordinances through injunctive relief; that the

15  County has the right to request orders to exercise its police powers to abate the public nuisance and

16  the source of the public nuisance to bring the Property, and thereby Defendant into compliance

17  with the County's ordinances and Court orders; and that the County would suffer irreparable injury

18  during the time required for a noticed hearing if the unlawful cannabis cultivation on the Property is

19  not immediately abated. The County has complied with all requirements of the ex parte rules

20  contained in California Rules of Court, Rule 3.1200 et seq. Defendants' violations of RCO No. 348

21  constitute nuisance per se under RCO No. 725 and California Civil Code section 3479 et seq.

22      Pursuant to California Code of Civil Procedure section 526, it appears by the verified

23  complaint and the concurrently submitted documents that the County is entitled to the relief

24  demanded, and the relief demanded consists at least in part of restraining the commission or

25  continuance of the acts giving rise to the complaint. Further, the County and its citizens will suffer

26  irreparable injury absent the issuance of the temporary restraining order and preliminary injunction,

27  especially where the injury to public health and safety, as determined by the County Board of

28

*COUNTY OF RIVERSIDE'S NOTICE OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION*

26

1    Supervisors when adopting the County's zoning laws, is such that pecuniary compensation would
2    not afford adequate relief.

3         The County gave notice of the hearing on this ex parte application to Defendant via a letter
4    mailed on or about September 9, 2022.  (Declaration of Yana Ridge [Ridge Decl.] ¶ 5, Ex. 1.)  This
5    Application is based on this Notice, the attached Memorandum of Points and Authorities; Request
6    for Judicial Notice; Declarations of Code Enforcement Officer Geovani Olivas, Supervising Code
7    Enforcement Officer Jennifer Morris, and Yana Ridge and exhibits thereto; the Complaint, and all
8    other pleadings and papers on file in this action, and such further evidence as may be presented at
9    the time of the hearing on this Application.

11   September 9, 2022

                              Gatzke Dillon & Ballance LLP
                              Attorneys for Plaintiff, County of Riverside

                              By: _____
                                   Mark J. Dillon

# EXHIBIT 3

EXHIBIT 3

28

Electronically FILED by Superior Court of California, County of Riverside on 09/09/2022 12:37 PM
Case Number CVSW2205879 0000033226295 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Jaime Hendrickson, Clerk

1 | Mark J. Dillon (State Bar No. 108329)
2 | Yana Ridge (State Bar No. 306532)
   | Gatzke Dillon & Ballance LLP
3 | 2762 Gateway Road
   | Carlsbad, California 92009
4 | Telephone:    (760) 431-9501
   | Facsimile:    (760) 431-9512
5 | Email:        mdillon@gdandb.com
6 |               yridge@gdandb.com

(Exempt from Filing Fees
Pursuant to Govt. Code § 6103)

7 | Attorneys for County of Riverside

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF RIVERSIDE

| | |
|---|---|
| COUNTY OF RIVERSIDE, | Case No.: CVSW2205879 |
| Plaintiff, | Assigned for All Purposes to: Honorable Judge Craig Riemer in Dept. 1 |
| v. | **DECLARATION OF YANA L. RIDGE IN SUPPORT OF COUNTY OF RIVERSIDE'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** |
| CHOUA M. FANG, an individual; and DOES 1 through 100, inclusive, | |
| Defendants. | |
| | RESERVATION NUMBER: 401715397930 |
| | Hearing Date: September 15, 2022 |
| | Time: 8:30 a.m. |
| | Dept.: 1 |
| | Complaint Filed: August 26, 2022 |

1

I, Yana Ridge, declare:

1.     I am counsel for the County of Riverside Code Enforcement Department and am one of the attorneys of record representing the County of Riverside (County) in the captioned action. I have personal knowledge of the facts set forth in my declaration except for those facts set forth on information and belief. I submit my declaration in support of the County's Ex Parte Application for a Temporary Restraining Order and OSC Re: Preliminary Injunction.

2.     Plaintiff, County of Riverside, brought the instant action to enjoin Defendant Choua M. Fong (Defendant), from operating, leasing, causing, allowing, permitting, aiding, abetting, suffering, concealing, or granting permission to engage in unlawful cannabis cultivation which is a public nuisance in violation of Riverside County Ordinance Nos. 348 and 725 at the real property located at 1 P/W of 41785 Jay Dee Lane, Anza, California 92539, within the unincorporated area of the County and more particularly described as Assessor's Parcel No. 576-270-001 (Property), or at any other property located within the unincorporated areas of the County of Riverside; and from violating Riverside County Ordinances and State law, including but not limited to Riverside County Ordinance Nos. 348 and 725.

3.     Ex parte relief is warranted because the County will sustain irreparable injury during the time required for a noticed hearing if the unlawful nuisance (illegal cannabis cultivation) on the Property is not immediately abated.  Ex parte relief is needed because of (a) the high risk for destruction or concealment of evidence through the harvest and sale of the unlawful cannabis plants during the time required for a noticed hearing; and (b) the fire and crime risks associated with the illegal cannabis business, which endangers the safety of the community and County Code Enforcement Officers. See Declaration of County Supervising Code Enforcement Officer for the Cannabis Enforcement Team Jennifer Morris filed concurrently herewith.

4.     The County filed the complaint in this case on August 26, 2022 but did not receive conformed copies of the complaint and the Department assignment for this case until late afternoon on September 7, 2022. This ex parte application is being filed on September 9, 2022. The County would like to have this case heard the very next court day, September 12, 2022, but we scheduled

*DECLARATION OF YANA L. RIDGE IN SUPPORT OF COUNTY OF RIVERSIDE'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION*

30

1    the hearing for September 15, 2022, to allow sufficient time for personal service because the County

2    anticipates that personal service on Defendant will not be easy as Defendant is engaged in an

3    unlawful cannabis cultivation business for sale/profit and may well evade service, particularly

4    because based on our investigation Defendant may not reside at the property where the illegal

5    cultivation operations are conducted.  Our office intends to retain the best process server possible to

6    effectuate service at all known addresses for Defendant and on a rush basis, including staking-out

7    the various addresses as required.

8        5.    On September 9, 2022, I prepared a Notice of Ex Parte Hearing to Defendant of the

9    County's Ex Parte Application for Temporary Restraining Order and OSC re: Preliminary

10   Injunction, which included the following information, as required by California Rules of Court,

11   Rule 3.1204: the specific nature of the relief sought; the date, time, and place for the presentation of

12   the application; and a request for Defendant to respond regarding their intention to appear to oppose

13   the application. The letter provided that the County intended to appear ex parte to apply for a

14   Temporary Restraining Order and OSC re: Preliminary Injunction against Defendant on September

15   15, 2022 at 8:30 a.m. in Department 1 of the Riverside County Superior Court located at 4050 Main

16   Street, Riverside, California 92501. I am informed and believe that my office mailed the Notice of

17   Ex Parte Hearing, with summons and complaint and the ex parte application package enclosed with

18   the Notice, to all known responsible parties.  A true and correct copy of the letter providing ex parte

19   notice of the temporary restraining order hearing and proof of service is attached hereto and

20   incorporated herein by reference as **Exhibit 1.**

21       6.    My office also intends to personally serve the summons and complaint on Defendant

22   prior to the hearing date noted in paragraph 5, above.  Proof of service will be filed with the Court

23   before the ex parte hearing.

24       7.    California Rules of Court, Rule 3.1150(e) states, "[a]n Application for a TRO or an

25   OSC must state whether there has been any previous application for similar relief and, if so, the

26   result of the application." There has been no previous application for similar relief in this case.

27

28

---

3

31

1     8.      The County submits the following information in compliance with California Rules

2   of Court, rule 3.1202(a):

3       • Defendant is Choua M. Fong.

4       • The County is not aware of whether Defendant is represented by counsel.

5       • The address of the property that Defendant owns and at which illegal cannabis

6          activities are conducted is 1 P/W of 41785 Jay Dee Lane, Anza, California 92539.

7       • Defendant's mailing address, as indicated in the most recent Deed (Exhibit B to

8          Olivas Declaration) is 957 Reaney Avenue, Apt. 1, Saint Paul, MN 55106.

9       • The County does not know Defendant's email address or phone number.

10         I declare under penalty of perjury, under the laws of the State of California, that the

11   foregoing is true and correct, except for statements made under information and belief, and, as to

12   those statements, I believe them to be true and correct.

13         Executed this 9th day of September, at Carlsbad, California.

14

15

16

17                                                _____

18                                                Yana L. Ridge
                                                  Gatzke Dillon & Ballance LLP
19                                                Attorneys for Plaintiff, County of Riverside

20

21

22

23

24

25

26

27

28                                          4

32

# EXHIBIT 1

**G | D | B**   **Gatzke Dillon & Ballance LLP**
L A W Y E R S

September 9, 2022

*By Overnight Mail*

Choua M. Fang
1 P/W of 41785 Jay Dee Lane
Anza, California 92539

Choua M. Fang
957 Reaney Avenue, Apt. 1
Saint Paul, MN 55106

Re:   Notice of Ex Parte Hearing for Temporary Restraining Order
*County of Riverside v. Fang* (CASE NO. CVSW2205879)
Code Enforcement Case No. CVCA220338
1 P/W of 41785 Jay Dee Lane
Anza, California 92539
(Assessor's Parcel No. 576-270-001) (Property)

This office represents the County of Riverside (County) in the above-referenced matter. Please take notice that on **September 15, 2022, at 8:30 a.m.,** the County will appear ex parte in **Department 1 of the Riverside County Superior Court, located at 4050 Main Street, Riverside, California 92501,** seeking the following relief via a temporary restraining order and order to show cause re: preliminary injunction:

- Enjoin all responsible parties named as defendants in the action (Defendants) from operating, causing, allowing, permitting, aiding, abetting, suffering, concealing, or granting permission to use the Property to engage in unlawful cannabis cultivation in violation of California Code of Regulations, title 4, section 15000.1 and Riverside County Ordinance Nos. 348 and 725, without the requisite County and State permits and licenses;
- Require Defendants immediately and permanently to cease and desist the unlawful cannabis cultivation at or from the Property or any other property within the unincorporated areas of the County of Riverside;
- Immediately and permanently remove all personal property or inventory related to and/or used in conjunction with the unlawful cannabis cultivation at the Property; and
- Remove any construction without permit at the Property related to the unlawful cannabis cultivation; and notify all persons with an interest in the unlawful cannabis cultivation to immediately comply with all aforementioned requirements.

The County will seek authority to enter onto the Property to confiscate, abate, destroy, and dispose of all cannabis related to the unlawful cannabis cultivation at the Property; confiscate and remove all personal property and/or inventory related to the unlawful cannabis cultivation; and padlock, board up, or otherwise secure the Property so as to prohibit the use of the Property for the purposes of unlawful cannabis cultivation.

T 760.431.9501
F 760.431.9512

gdandb.com   34

**G | D | B**  **Gatzke Dillon & Ballance LLP**
L A W Y E R S

Notice of Ex Parte Hearing for Temporary Restraining Order
County of Riverside v. Fang (CVSW2205879)
September 9, 2022
Page 2

The County will appear at the hearing by Zoom, but appearance may also be in person or telephonically.  Please visit the Riverside Superior Court's Website at the following URL: https://www.riverside.courts.ca.gov/PublicNotices/remote-appearances.php,  for  detailed instructions to join the hearing by zoom or telephonically.  The zoom link and phone numbers for Department 1 are provided on the Court's website listed above.

Please advise whether you plan on attending and/or opposing the County's ex parte application, by contacting me at 760-431-9501 (ext. 109). Copies of the County's summons and complaint, and the ex parte application and supporting documents, are enclosed with this letter.

Sincerely,

Yana Ridge
for
Gatzke Dillon & Ballance LLP

Enclosures

-35

1

## PROOF OF SERVICE

2

3       I declare that I am employed with the law firm of Gatzke Dillon & Ballance LLP, whose address is 2762 Gateway Road, Carlsbad, California 92009. I am not a party to the within cause, and I am over the age of eighteen years.

4

5       I further declare that on September 9, 2022, I served copies of:

6       **LETTER DATED SEPTEMBER 9, 2022 RE NOTICE OF EX PARTE**

7       **HEARING FOR TEMPORARY RESTRAINING ORDER**

8   ☒   **BY OVERNIGHT DELIVERY [Code Civ. Proc sec. 1013(d)]** by placing a true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as follows, for collection by either Golden State Overnight or Federal Express, at 2762 Gateway Road, Carlsbad, California 92009 in accordance with Gatzke Dillon & Ballance LLP's ordinary business practices.

9

10

11      I am readily familiar with Gatzke Dillon & Ballance LLP's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Gatzke Dillon & Ballance LLP's business practice the document(s) described above will be delivered to an authorized courier or driver authorized by Golden State Overnight, or Federal Express, to receive documents on the same date that it (they) is (are) placed at Gatzke Dillon & Ballance LLP for collection.

12

13

14

15                                      **SERVICE LIST**

16

17      Choua M. Fang
        1 P/W of 41785 Jay Dee Lane          Choua M. Fang
18      Anza, California 92539               957 Reaney Avenue, Apt. 1
                                             Saint Paul, MN 55106
19

20      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Carlsbad, California, on September 9, 2022.

21

22

23

24

25

26                                      Jamie Carr

27

28

2

# EXHIBIT 4

EXHIBIT 4

37

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
## Historic Court House
Ex Parte Hearing re: COUNTY OF RIVERSIDE'S NOTICE OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION  by COUNTY OF RIVERSIDE

09/15/2022
8:30 AM
Department 1

**CVSW2205879**
**COUNTY OF RIVERSIDE vs FANG**

Honorable Craig Riemer, Judge
L. Howell, Courtroom Assistant
Court Reporter: None

**APPEARANCES:**
Yana Ridge for County of Riverside appearing telephonically in court.
No appearance made by or for CHOUA M. FANG.

This matter is being live streamed for public access.
Court and counsel confer regarding continuance .
Court makes the following order(s):
Hearing held and continued to 09/21/2022 at 08:30 AM in Department 1 (Pre-disposition) Continued - Other pre-disposition hearing
Reason for Continuance: attempted 170.6 challenge by Defendant .
Notice to be given by Plaintiff .
Minute entry completed.

Page 1 of 1 Pages

38

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House

County of Riverside's Notice of Ex Parte Application for Temporary Restraining Order and Order to Show Cause RE: Preliminary Injunction

09/26/2022
8:30 AM
Department 3

**CVSW2205879**
**COUNTY OF RIVERSIDE vs FANG**

Honorable Chad Firetag, Judge
Kathy Rahlwes, Courtroom Assistant
Court Reporter: None

**APPEARANCES:**

Yana Ridge (for Plaintiff) appearing telephonically in court.
Defendant (by phone) is NOT present.

At 08:50 AM, the following proceedings were held:

This matter is being live streamed for public access.

Court notes this TRO was continued from last week, and the defendant was properly served but is not present today.

The Court finds that (1) there is a likelihood that Plaintiff will prevail on the merits; (2) the balance of harms favors granting the injunction; and (3) there does exist an exigency to proceed with today's TRO.

Court addresses the proposed language in the order. Mrs. Ridge will provide a corrected proposed order.

Court makes the following order(s):

Temporary Restraining Order and Order to Show Cause to set a Preliminary Injunction is granted. Hearing on Preliminary Injunction set on 10/11/2022 at 08:30 AM in Department 3

Corrected Order on the TRO to be prepared, served and submitted by counsel and emailed to Department 3.

Proof of Service to be filed on or before 09/30/2022.

Any opposition to be filed on or before 10/06/2022.

Any reply to be filed on or before 10/07/2022.

Restraining order expires on 10/11/2022.

Court further orders:

Court will set the Motion to Quash Service filed by Choua M. Fang for hearing and Court will set a Case Management Conference.

Motion to Quash Service of process set for 12/1/2022 at 08:30 AM in Department 3.

# EXHIBIT 5

EXHIBIT 5

Electronically FILED by Superior Court of California, County of Riverside on 09/21/2022 12:02 PM
Case Number CVSW2205879 0000034328078 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Dallas Vitito, Clerk

1  Choua M. Fang Defendant in Pro-Per
   957 Reaney Ave  Apt 1
   St Paul ,MN 55106
2  Tel
   Fax.
3  Attorney For:  Choua M Fang , Defendant. In Pro-Per

4

5                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

6                              COUNTY OF RIVERSIDE

7

8

9

10  County of Riverside                 ) Case No: CVSW2205879
                                        )
11          Plaintiff                   )   Unlimited Civil Action
                                        )
12  Vs                                  )   Verified Cross-Complaint for Declaratory,
                                        )
13  Choua  M Fang an Individual, Does -1 ) Injunctive, Relief to  Determine Validity of
                                        )
14  Through 100 inclusive               )   Ordinances  and Damages
                                        )
15  Defendant                           )       1.  FIRST CAUSE ACTI-ON COUNT ONE
                                        )
16  _____)          DECLARATORY RELIEF,
                                        )
17  Choua   M Fang an Individual        )   CCP sec 1060 Gov. C sec 11350
                                        )
18      Defendant/ Cross-Complainant    )
                                        )   VIOLATION OF EQUAL PROTECTION
19  Vs.                                 )
                                        )   CLAUSE OF U.S. CONSTITUTION
20  County Of Riverside,  and Does 1    )
                                        )       FIRST   CAUSE OF ACTION COUNT
21  through 5 inclusive,                )
                                        )       TWO
22      Plaintiff/Cross-Defendants      )
                                        )
23                                      )   DECLARATORY RELIEF, CCP sec 1060
                                        )
24                                      )
25                                      )   Gov C. sec 11350 VIOLATION    DUE
                                        )
26                                      )   PROCESS OF LAW
                                        )
27                                      )
28                                      )

         DEFENDANT CHOUA M FANG  VERIFIED CROSS-COMPLAINT

1  ) (U.S. Cost, amend. 14th sec 1, Cal Const. art.

2  I sec 7,19 (a).  GOV CODE SEC 11350

3      2.  FIRST CAUSE OF ACTION COUNT

4       THREE

5  DECLARATORY RELIEF, CCP sec 1060

6  Gov C sec 11350   ORDINANCE NO 348

7  DEFINITION OF NUISANCE CONFLICTS

8  WITH CALIFORNIA DEFINITION

9  CODIFIED IN CCP sec 3479, 3480, 3482

10  4.  SECOND CAUSE OF ACTION

11   FAILURE TO EXHAUST

12  ADMINISTRATIVE REMEDIES PRE-

13  LITIGATION INJUNCTIVE RELIEF

14  CCP 526

**COMES NOW** the Cross-Complainant, Choua M Fang , Defendant IN Pro --Per , herein after referred to as   Fang  , above named, and by way of this Cross- Complaint against Cross-Defendants, County of Riverside, Riverside, herein after referred to as County and Does 1 through 5 Inclusive, and each of them; allege as follows:

## I CASE HISTORY

1.  This case arises as a result of the Cross-Defendants' application of Riverside County Ordinances  No. 348 and 725 herein after referred to as Ordinances. The County citing   Fang  for Public Nuisance Per-Se for alleged Unlawful Cannabis Cultivation.   Fang   was never given opportunity for hearing on the allegations.  The

DEFENDANT CHOUA M FANG  VERIFIED CROSS-COMPLAINT

42

County Code Enforcement officer issuing the Citation unilaterally pre-determined that the Cross-Complainant's alleged Cannabis Cultivation is a public nuisance per se. It was ordered that Fang immediately  contact the County Code Enforcement Department to schedule a Compliance inspection of the subject Real Property. The notice also instructed   Fang "to immediately cease and desist the unlawful cannabis cultivation at the property." The maximum fine of $1,000.00 per day began to run on the from the date " of this letter" which was August  15, 2022 .  Fang  contends the fine is arbitrary and capricious.  Fang  also contends that the Ordinances  were/are/is Un-Constitutional on their face and/or as applied to  Fang  Further that the Ordinances  is/ and or are  overbroad and in Conflict and contrary to California doctrine and law of Public Nuisance.  Specifically, CC sec 3479, 3480, 3482 and progeny case law Varjabedian vs City of Madera (1977) Cal. 3rd 285.  Fong  Contends  her  Right to Due Process of Law , reasonable opportunity to respond and Rights to Equal Protection of Law Conferred upon  her both by Federal and State Constitutions  were violated

## IDENTIFICATION OF PARTIES

2. The County of Riverside is, and at all times relevant herein a general law county and a political subdivision of the State of California.

3. Riverside County was Incorporated on October 11,1883

4. Riverside County Board of Supervisors is the governing body of the County, certain special districts and the Housing Authority. The Board enacts ordinances and resolutions, adopts the annual budget, approves contracts appropriates funds, determines land use zoning for the unincorporated area, appoints certain County Officers and members of various boards and commissions.

5. The Board issues orders for abatement costs, special assessments against the premises recording liens this administrative board /agency of the County of Riverside is charged with Administering the Ordinance hereinafter specified

6. The County in its complaint states it "has a duty and interest in protecting the public safety and welfare within its jurisdiction.  To that end the County has enacted ordinances which apply to ALL persons and entities within the County and to ALL persons and entities that own real property within the unincorporated area of the County of Riverside or do business within the unincorporated area of the County of Riverside (see complaint pg. 3 par 10.)

7.  Fang   contends that All persons that own real Property in the incorporated area of Riverside County are ALSO within the Counties jurisdiction and thus SHOULD also be protected.

8.  Fang   further contends that therefore on its face the unincorporated Persons are being denied Equal Protection of the Law (ie Ordinances)

9. The Board ordained and adopted said ordinance pursuant to the authority granted by Article XI, section 7 of the California Constitution, Business and Professions Code section 26200, Health and Safety Code section 11362.83, and Government Code sections 25845 and 53069.

10. All Defendants are charged with enforcing the Riverside County Ordinance no.348 and /or 375

11. Cross-Complainant  Fang   is the premises/Real property owner of the subject Real Property with an APN no of 576-270-001 in an unincorporated area of Anza County of Riverside, State of California, with a Zip Code of 92539

12.  The property is located at 1 P/W of 41785 Jay Dee Lane  , , Anza Ca. 92539 within the unincorporated area of Riverside County. State of California

13. The true names and capacities of Cross-Defendants designated as DOES 1 to 5 inclusive are unknown to Cross-Complainant who therefore sues said Cross-Defendants by fictitious names. Cross-Complainant is informed and believes and based

DEFENDANT CHOUA M FANG   VERIFIED CROSS-COMPLAINT

1   on that belief alleges that each of the Cross-Defendants so designated is in some
2   manner responsible for injuries and damages herein alleged. This Cross-Complaint will
3   be amended to designate the true name and capacity of each said Cross-Defendant
4   when their true name and capacity is ascertained. Pursuant to CCP sec 474.
5   14. Cross-Complainant is informed and believes, and based on that belief alleges, that
6   at all times herein mentioned above the Cross-Defendants were the agent, servant, and
7   /or employees of the remaining Cross-Defendants, and at all times herein mentioned,
8   was acting within the scope of said agency and/or employment.
9

10                          **GENERAL ALLEGATIONS**
11   15. All the acts and/or omissions of the Cross-Defendants that caused and continue to
12   cause irreparable injury and damages herein alleged occurred in Anza, Ca. in the
13   County of Riverside State of California at Zip Code 92539
14   16. That because this Cross-Complaint seeks Declaratory relief to obtain a
15   determination of the Constitutionality or validity of statutes, ordinances, or regulations
16   under which an administrative entity operates this Court has jurisdiction see Olszewski
17   vs Scripps Health ( 2003) 30 Cl 4th 798, 807-08
18   17. Cross-Complainant   Fang   was NEVER given notice and opportunity to confront
19   the County's violation and/or its unilateral decision to able it as nuisance per se.
20   18. The County before exhausting all administrative remedies filed a civil action against
21   Defendant/ Cross-Complainant  Fang . Thus, the Plaintiff failed to exhaust required
22   administrative remedies contained said ordinance and in Gov. Code sec 11425.10 –
23   11425.60 pre litigation.
24   19. This caused /causes an actual controversy relating to the legal rights and duties of
25   the Cross-Complainant and Cross-Defendants in that Cross-Complainant alleges the
26   Ordinances  is Un-Constitutional on its face and as applied to  Fang .
27   20. The County's acts and /or omissions violated his DUE PROCESS rights and that
28   Ordinances is overbroad in that it conflicts with the California Law of Public Nuisance.

DEFENDANT CHOUA M FANG   VERIFIED CROSS-COMPLAINT

21. Cross-Defendants allege that the ordinances is/are lawful and or Constitutional and that they therefore did not violate the Cross-Complainant's Due Process rights.

22. Cross-Defendants elect the remedy under Ordinance 348 because it does NOT contain the required Due Process provisions that would be given to Fang as is contained in Ordinance no 925.

23. Fang contends the County elected the remedy under Ordinance in 345 rather than the remedy of Ordinance 925 because the procedures for enforcement of Ordinance 345 do NOT contain any Required Due Process provisions for Fang.

24. contends that therefore it was/is willful, and intentional that the county violates and continues to violate Fangs s Due Process Rights in this instance as applied to her.

25. Thus the issues are ripe, the facts have sufficiently concealed to permit an intelligent and useful decision that can be made.

26. Venue for this action is properly founded in the Southwest Justice Center Superior Court, Riverside, Ca. in that the acts and/or omissions of the Cross-Defendants and does and resulting damages occurred at the property located of this action is at Zip Code 92539 which places it in this Court's jurisdiction.

### STATEMENT OF FACTS

27. The Ordinances, the subject herein, has since its enactment been, and now is, in full force and effect and is enforced by Cross-Defendants herein.

28. The Ordinances is being applied/enforced by Riverside County, County of Riverside Code Enforcement Dept., Riverside County Board of Supervisors.

29. Cross-Defendants totally failed to have a hearing pre-litigation. Fang had a right to Notice and opportunity to respond to Cross-Defendants' allegations thus the Counties acts and/or omissions are in violation of DUE Process of Law: U.S. Constitution, California State Constitution, and case law of Goldberg vs Kelly citations infra.

DEFENDANT CHOUA M FANG  VERIFIED CROSS-COMPLAINT

1  Fang  contends the Ordinances is/are  unconstitutional as applied to Fang   and on its

2  face because it violates his federal and state constitutional rights to Equal Protection of

3  Law.

4  30. CONCLUSION:   No restraining order should issue and /or any issued, must be

5  enjoined or vacated, especially because there was NO Emergency Necessity for the Ex-

6  Parte hearing because there was/is NO irreputable injury being caused to any one

7  therefore NO Nuisance per se.

8  31. Fang  is informed and believes, and on that information and belief, believes it to be

9  true that the County NEVER received any complaints, the County or anyone never

10  suffered any damage and/or injury caused by any nuisance. Required by, CC. Sec

11  3479,3480 3482 and progeny case law; see Varjabedian vs City of Madera (1977) Cal.

12  3rd 285

13  32. Cross-Complainant submits there is therefore no way he had Due Process Notice

14  and Opportunity of The Code Enforcement Officers factual basis at the outset to defend

15  against the allegation.

16  33. Ordinance 925 sec 6 describes the Contents of the notice that it "SHALL BE IN

17  WRITING AND SHALL: (e) "Describe the unlawful cannabis cultivation that exists and

18  the action to be taken. This is Due Process. The County's remedy under ordinance 345

19  does not afford that Due Process Procedure Thus the Companion Ordinance no 345 is

20  Unconstitutional.

21

22                    FIRST CAUSE OF ACTION COUNT ONE

23              DECLARATORY RELIEF CCP sec 1060, Gov Code sec 11350

24

25     VIOLATION OF EQUAL PROTECTION CLAUSE OF U.S. CONSTITUTION

26         AMENDED XIV SEC 1 and AS AFFORDED IN CALIFORNIA STATE

27                              CONSTITUTION

28              Against County of Riverside,  and Does 1-5


       DEFENDANT CHOUA M FANG  VERIFIED CROSS-COMPLAINT

34. Cross-Complainant hereby incorporates paragraph 1 History, paragraphs 2 through 14 of the Identification of Parties, Paragraphs 15 through 26 of the General Allegations Paragraphs 27 through 33 of the Statement of Facts and as if fully set forth here.

35. On October 23, 2018, the County's Board of Supervisors adopted Ordinance No. 348.4898 amending Ordinance No. 348 to establish a regulatory system for cannabis businesses and cannabis activities, including cannabis cultivation, within the unincorporated areas of the County of Riverside it became effective on December 23, 2018.

36. The Counties Ordinances  imposes a burden on unincorporated Cultivators while conferring a benefit on incorporated area cultivators. This classification is both factual in effect and on its face unconstitutional (see, San Antiono School Dist. V Rodriguez 411 U.S. 1,59,( 1973 see also  Brown  vs  Board of  Educ. 347 U.S. 483 I 1954), Palmore v Sidoti, 466 U.S. 429 (1984)

37. Fang Contends that there is NO Justification for the Counties Segregation (ie classification of these cannabis Cultivators in unincorporated areas of the County to justify the Per-se determination of Public Nuisance over the California Law which sets forth the requirements to prove Public Nuisance for ALL California Residents including those in Riverside County.)

38 Fang   Further contends there is NO rationality in the nature of this class being singled out. There is NO reasonable, legitimate public purpose to segregate un incorporated vs incorporated area cultivators. These two groups of Cultivators are engaged in the very same activities to be regulated. See Powell vs Pennsylvania, 127 U.S.  678, 687, (1888) see also Rinaldi vs Yeager, 348 U.S. 305, 308, 309. (1996) also Mc Laughlin Vs Florida, 379, U.S. 184, 191 (1949).

39. Fong  desires a declaration as to the validity of the ordinance, both on its face and as applied to him and/or and if it is found to be valid, whether  Fang   above-described alleged cannabis cultivation activities are volatile of the Ordinances

DEFENDANT CHOUA M FANG  VERIFIED CROSS-COMPLAINT

48

40.  A judicial declaration is necessary and appropriate at this time so that  Fang  may ascertain her rights and duties in the premises without first subjecting herself to further liability by violating the ordinance or the threatened injunctions to be placed upon her. Irreparable injury will result to Fang  unless the declaration is made.  Fang  is an "Interested Person" thus have standing per CCP 1060 Gov. Code sec 11350 'a'. and per the Ordinance 345

41.  Fang  have/has performed all conditions precedent under the ordinance. If Fang had received the Required Due Process Notice and Opportunity Rights,  Fang  may have been able to additionally perform upon proper notice and opportunity. See CCP sec 459

42.  That on the County duly adopted Ordinance No 345. And 925  The ordinances has since its adoption been, and now is, in full force and effect.

43   That the County has applied and enforced the ordinance as to  her,  Fang in the following respects all to  Fang  's Irreparable injury, detriment and damage.

44.  Fang   is informed and believes and therefore believes it to be true that A County Code Enforcement officer on or  August 25 2022, placed a Notice of violation on hearReal Property. see Exhibit 1

45. That said notice in pertinent part ONLY stated "Cease and desist Unlawfu cannabis cultivation in Violation of Riverside County Ordinance NO 348" further it stated "YOU must immediately contact Code Enforcement at 951-955-2004 to schedule a compliance inspection to be conducted no later than   August 15, 2022." Further that your unlawful cannabis cultivation as a public nuisance under Ordinance no 348. The County has the authority to locally control land uses abate regulate or ban cannabis cultivation within its JURISDICTION. ... see Exhibit 1 Notice

46. That specifically the ordinance states that it "Has a duty and interest in protecting the public safety and welfare within its jurisdiction. To that end the County has enacted ordinances which apply to ALL PERSON and entities that own REAL PROPERY within the un-incorporated area of the County of Riverside ...." See complaint pg. 3 par 10

DEFENDANT CHOUA M FANG   VERIFIED CROSS-COMPLAINT

47. Ordinance 348 prohibits any Commercial cannabis activity within the un-incorporated area of the County of Riverside, it declares it to be a public nuisance per se subject to abatement and a $1,000.00 penalty per day and other fines and penalties. Thus, it is deemed a public nuisance per se which the County may abate by any means permitted by law. "see complaint pg. 5 par 20 as applied to   Fangs alleged activity,

48.  Thus, the ordinance violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and of Article I, Section 7 of the California Constitution.  The County disputes these contentions and contents that the ordinance and its application to   Fang 's above-described activities have violated it. Per Se.

49. That  Fang 's is a real property in the unincorporated area of Riverside County thus he is within its jurisdiction and of the ordinance. That  Fang  is allegedly charged with cultivating Marijuana on his real property. That he received the notice of violation of the ordinance, because he is in the unincorporated area of the county.

50.   Fang  contends that if he was on the other side of the tracks and/or in an incorporated area of the county he would NOT be subject to the ordinance.

51. The Marijuana cultivation i.e. Growers on the other side of the tracks go unscathed and untouched by the ordinance.  Even though also within the jurisdiction of the county and the Marijuana cultivation i.e. Growers would NOT be deemed a nuisance at all much less A Nuisance PER SE

52. This and all the penalties that go with it causes the ordinance to be in violation to the equal protection clause.

53. That as a direct and /or proximate cause Fang  has suffered damages and injury and may continue to suffer damage and injury in an amount to be proven at trial.

54. WHEREFORE, Cross-Complainant  Fang  prays for a declaratory judgment as follows:

   1. Declaring the respective right and duties of the parties under the ordinance in question, that the ordinance is un-Constitutional, invalid, and void on its face and/or as applied  Fang  to Cross-Complainant or, if the ordinance is found to be valid, it does

Page 10

DEFENDANT CHOUA M FANG  VERIFIED CROSS-COMPLAINT

1  | not apply to  Fang 's Cross-Complainant's alleged activities hereinabove described,
2  | that's its over broad and in conflict with CC. Sec 3482 and progeny Varjabedian vs City
3  | of Madera (1977) Cal. 3rd 285.
4  | 2. For General and special damages in an amount according to proof at trial.
5  | 3. For Punitive damages willfully violating Cross-Complainant's Constitutional
6  | Rights.
7  | 4. For costs of suit herein incurred.
8  |
9  | FIRST CAUSE OF ACTION COUNT TWO
10 | DECLARATORY RELIEF CCP sec 1060, Gov Code sec 11350
11 | VIOLATION  DUE PROCESS OF LAW
12 | (U.S. Cost, amend. 14th sec 1, Cal. Const. art. I sec. 7,19 (a).
13 | Against County of Riverside, and
14 | Does 1-5
15 |
16 | 55. Cross-Complainant  Fang  hereby incorporates, Paragraph 1 History, Paragraphs 2
17 | through 14 of The Identification of Parties, Paragraphs 15 through 26 of the General
18 | Allegations and Paragraphs 27 through 33 of the Statement of Facts and the entirety of
19 | the First Cause of Action count one as if fully set forth here
20 | 56.   Fong's Constitutional guarantees apply to administrative adjudicatory action per
21 | (Gold Berg v Kelly (1970) 397 U.S.254, 263.  Kruger V Wells Fargo Bank (1974) 11 Cal.
22 | 3rd 352,366-367. They by law apply to   Fong  whether or not Ordinance 348 Provides
23 | for Due Process within its Ordinance.
24 | 57. The Code enforcement officer's Notice to abate fails to meet minimum basic
25 | requirements of due process notice and opportunity with respect to the contents of the
26 | notice
27 | 58 Fong contends that due process requires the Code enforcement officer to "describe
28 | the unlawful cannabis cultivation that exists on the premises" without describing  the

DEFENDANT CHOUA M FANG  VERIFIED CROSS-COMPLAINT

Page 11

unlawful cannabis cultivation, there is NO factual basis upon which anyone can make a LEGAL unilateral finding, that there was/is a Public Nuisance, per se.

59.  Fang  contends that the County certainly may elect the remedy of Ordinance 348 over Ordinance 725. In this regard HOWEVER its basic Due Process that requires Notice and opportunity before there can be any taking.

60.  Fang  contends the county's notice does NOT state or specifically describe the illegal activity that was observed to cause the code enforcement officer to unilaterally determine it to be public nuisance, per se all against ordinance no.348

61.  As a direct and/or proximate cause of the Cross-Defendants acts and/or omissions, as aforesaid mentioned  Fang  has suffered damages in an amount to be fully discovered and ascertained and proven at trial

62. The California due process provision held to be identical in scope and purpose to the due process provision of the 14th amendment to the U.S. Constitution.  See Matthews vs Eldridge (1976) 424 U.S. 319,335

63.  The Cross-Defendants did NOT exhaust all available administrative remedies because the Cross-Defendants did not conduct a hearing for  Fang  despite Fong's request for same.

64. An actual controversy has arisen and now exists between  Fang  and Cross-Defendants relative to their respective rights and duties in that Cross-Complainant contends that the ordinance is invalid and unenforceable, both on its face and as construed by Cross-Defendants, in that see  Fang 's factual statements supra. Which show invalidity of enactment as applied to his alleged activity, e.g., it violated the DUE PROCESS clause of the Fourteenth Amendment to the United States Constitution and of Article I, Section 7 of the California Constitution]. Cross-Defendants dispute Cross-Complainant numerous contentions to the contrary. Cross-Defendants still contend that the ordinance and its application to Cross-Complainant's above-described activity are valid, and due process Is NOT required under ordinance no 348

DEFENDANT CHOUA M FANG  VERIFIED CROSS-COMPLAINT

65   As a direct and or/proximate cause of the cross defendants acts and/or omissions Fong  as aforesaid mentioned  Fang  has suffered damages in an amount to be fully discovered and ascertained at trial.

FIRST CAUSE OF ACTION COUNT THREE

DECLARATORY RELIEF CCP sec 1060, Gov Code sec 11350

ORDINANCE NO 348 DEFINATION OF NUISANCE CONFLICTS WITH CALIFORNIA

DEFINATION CODIFIED IN CCP sec 3479, 3480, 3482 and progeny Varjabedian vs

City of Madera (1977) 20 Cal. 3rd 285

Against County of Riverside ,and

Does 1-5

66.   Cross-Complainant hereby incorporates paragraph 1 History, paragraphs 2 through 14 of the Identification of Parties, Paragraphs 15 through 26 of the General Allegations, Paragraphs 27 through 33 of the Statement of Facts and the entirety of the first cause of action count one and count two as if fully set forth here.

67.   Cross-Complainant desires a declaration as to whether the Ordinance definition of Public Nuisance is over broad as contrary and/or conflicts with the California Doctrine of Public Nuisance specifically CC sec 3479,3480, 3482 and its progeny Varjabedian vs City of Madera (1977) 20 Cal. 3rd 285

68.  California Civil Code 3479 states  Acts Constituting Nuisance: "Anything which is injurious to health, including, but not limited to the illegal sale of controlled substances, or is incident or offensive to the senses, or an obstruction to the free use of property so as to interfere with the comfortable enjoyment of life or property or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, river, bay stream, canal, basin, or an public park, square, street, or highway, is a nuisance."

69.  California Civil Code 3480 states Public Nuisance: "A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable

DEFENDANT CHOUA M FANG  VERIFIED CROSS-COMPLAINT

Page 13

52

number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal. " The Public nuisance doctrine is aimed at the protection and redress of community interests and, at least in theory, embodies a kind of collective ideal of civil life which the Courts have vindicated  by equitable remedies since the beginning of the 16th century"  People ex rel. Gallo vs Acuna ( 1997) 14 Cal. 4th 1090

64. In the case at bar the Cross-Complainant alleged Public nuisance does NOT interfere with collective social interests sufficient to qualify because the interference MUST be BOTH SUBSTANTIAL AND UNREASONABLE  see  People ex rel Gallo, cite supra

70. Public nuisance liability does NOT hinge on whether the defendant owns, possesses or controls the property, NOR on whether he is in a position to abate the nuisance, the CRITICAL question is whether the defendant created or assisted in the creation of the nuisance.  See (Melton vs Boustred (2010) 183 Ca. Apo. 4th 521,542 see also Within, summary of Cal. Law (10) ed. 2005 Equity sec 133.

71. CC sec 3482 in instructive in Varjabedian vs City of Madera (1977) 20 Cal 3rd 285 Stating "a statutory sanction cannot be pleaded if justification of acts which by the general rules of law constitute a nuisance unless the acts complained of are authorized by the express terms of the statute. This exculpatory effect of CC sec 3482 would be instructive that the Cross-Defendants can NOT define a Public Nuisance in their ORDINANCE that does NOT comply with the elements of CC sec 3495 defining same

72. The County's Ordinance no 348 sec 1 e)  defines Nuisance as  "On June 2, 2015 the Riverside County Board of Supervisors adopted Ordinance no 925 declaring marijuana cultivation to be prohibited  and a public nuisance."

74. Fongsubmits he was NOT charged with any violation of Ordinance No 925 thus any definition contained in that other remedy the county has is NOT enforceable on a charge of violation of Ordinance no 348.

75. The County's complaint describes the definition of nuisance to Ordinance no 725 stating: "At all times relevant here in RCO NO 725 has been in full force and effect.

DEFENDANT CHOUA M FANG   VERIFIED CROSS-COMPLAINT

Page14

1   Ordinance  No 725 provides that any condition on public or private real property within
2   the unincorporated areas of the COUNTY which is caused, maintained or permitted to
3   exist in violation of any provision of the COUNTY's Land Use Ordinances shall be and
4   the same is declared unlawful and a public nuisance." See complaint pg. 5 par's 18-19
5   76.  Fang  again submits he was NOT charged with violating Ordinance no 725 and
6   any definition of Nuisance contained therein is unenforceable as to her, on charges of
7   violating ordinance no 348.
8   77.  The County's notice of violation Exhibit 1 states "THIS NOTICE IS TO INFORM
9   YOU That the County prohibits unlawful cannabis cultivation as a public nuisance under
10   Riverside County Ordinance no 348. "
11   78.  Fang  contends the mere cultivation of Cannabis in an unincorporated area is no
12   different that Cultivation of Cannabis in an incorporated area of the County's Jurisdiction
13   and on that basis alone the County CANNOT make up their own definition of Public
14   Nuisance and apply it to  Fang 's alleged activities in this instance all in Direct Conflict
15   and contradiction to The California Codified Definition of Nuisance
16   79. The conclusion at any rate is that the County' definition is unconstitutional,
17   overbroad, ambiguous and in contradiction to the California State Definition. Thus,
18   Ordinance no 348 is unenforceable as to him in this case.
19
20                           SECOND CAUSE OF ACTION
21                 DECLARATORY RELIEF CCP sec 1060, Gov Code sec 11350
22            FAILURE TO EXAUST ADMINISTRATICVE REMEDIES PRE-LITIGATION
23                         Gov. Code sec 11425.10 -11425.60
24                           Against County of Riverside,  and
25                                   Does 1-5
26   80. Cross-Complainant  Fang  hereby incorporates, Paragraph 1 History, Paragraphs 2
27   through 14 of the Identification of Parties, Paragraphs 15 through 26 of the General
28

Page 15

DEFENDANT CHOUA M FANG  VERIFIED CROSS-COMPLAINT

1 Allegations and Paragraphs 27 through 33 of the Statement of Facts and the entirety of
2 the First Cause of Action count one, count two and count three as if fully set forth here
3 81. Fang submits that the ordinance and the code enforcement officer has totally
4 failed to meet the MANDATORY conditions precedent i.e. Procedural Due Process
5 REQUIRED pre-hearing to satisfy Due Process requirements. Prior to Concluding Fang
6 alleged activities were in violation of the ordinance and unilaterally declared the alleged
7 activity to be Negligence per se
8 82. Fang contends that the County violated The California Administrative Procedure
9 Act Chapter 5 (Gov. Code sec 11500 et. sec. and Due Process considerations afforded
10 in the United States Constitution and California Constitutions U.S. cost amend 14 sec 1,
11 Cal Cost, art I sec 7(a) the leading case of Goldberg V Kelly (1970) 397, U.S. 254, 263.

INJUNCTIVE RELIEF CCP sec 526
THE EX PARTE APLICATION AND /OR ORDER GRANTING AND/OR THE
GRANTING AN OSC, A PRELIMINARY INJUNCTION MUST BE VACATED AND/OR
REVERSED AND/OR ENFORCEMENT ENJONED

18 83. Cross-Complainant hereby incorporates Paragraph 1 History paragraphs 2 through
19 14 of the Identification of Parties, Paragraphs 15 through 26 of the General Allegations
20 and Paragraphs 27 through 33 of the Statement of Facts and the entirety of the First
21 Cause of Action Counts one, two and three and the entirety of the Second Cause of
22 Action as if fully set forth here.
23 84. The emergency need of AN APPLICATION BY FANG for Temporary Restraining
24 Order is due to the immediacy of foresee ability of irrevocable specific harm that has
25 already occurred before by Cross-Defendants.
26 85. Unless Cross-Defendants are restrained/prevented by order of this Court from
27 continuing to enforce the ORDINANCE in violation of Constitutional law, to cause injury
28 to Property, emotional distress to Cross-Complainant, it will be necessary for Cross-

Page 16

DEFENDANT CHOUA M FANG VERIFIED CROSS-COMPLAINT

Complainant to commence many successive actions against Cross-Defendants to secure compensation for foreseeable future damages and waste to be sustained, thus requiring a multiplicity of judicial proceedings

86.  THE GRANTING OF A TEMPORARY RESTRAINING ORDER TO  FONG WILL CAUSE NO PREJUDICE, HARDSHIP OR BURDEN TO CROSS-DEFENDANTS BECAUSE they are/were capable of assessing the maximum Civil penalty of $1,000.00 per day for the alleged violations, and have already threatened that it has begun assessing the penalty already

87.  CROSS-COMPLAINANT IS THE ONLY one that will suffer immediate, irreparable harm.  If the Cross-Defendants are allowed to continue to enforce the ordinance because there is NO Public nuisance this is rural real property and Cross-Complainant is informed and believes and therefore believes there are NO private persons making complaints that satisfy the California definition of Public Nuisance CC sec 3479, 3480 and 3482 and not with standing there is no action pending public nuisance by a private person CC sec 3493.

88.  " The Public nuisance doctrine is aimed at the protection and redress of community interests and, at least in theory, embodies a kind of collective ideal of civil life which the Courts have vindicated by equitable remedies since the beginning of the 16th century" People ex rel. Gallo V Acuna ( 1997) 14 Cal. 4th 1090

89.  In the case at bar the Cross-Complainant alleged public nuisance does NOT interfere with collective social interests sufficient to qualify because the interference MUST be BOTH SUBSTANTIAL AND UNREASONABLE SEE People ex rel Gallo, cite supra

90.  Public nuisance liability does NOT hinge on whether the defendant owns, possesses or controls the property, NOR on whether he is in a position to abate the nuisance, the CRITICAL question is whether the defendant crated or assisted in the creation of the nuisance.  See (Melton vs Boustred (2010) 183 Ca. Apo. 4th 521,542 see also Within, summary of Cal. Law (10) ed. 2005 Equity sec 133.

Page 17

DEFENDANT CHOUA M FANG  VERIFIED CROSS-COMPLAINT

91. CC sec 3482 in instructive in Varjabedian vs City of Madera (1977) 20 Cal 3rd 285 Stating "a statutory sanction cannot be pleaded if justification of acts which by the general rules of law constitute a nuisance unless the acts complained of are authorized by the express terms of the statute. This exculpatory effect of CC sec 3482 would be instructive that the Cross-Defendants can NOT define a Public Nuisance in their RCO that does NOT comply with the elements of CC sec 3495 defining same.

92. The completion of the Administrative process has caused the Cross-Complainant to now file his Verified Cross-Complaint, which states prima facie causes of action/Requests for relief.

93. For the specific factual matters that support a motion for temporary restraining order, the Court is referred to Excerpts from Cross-Complainant's Verified Complaint on file herein. Herein after referred to as CCVC:

94. Temporary Orders are necessary pending trial on CCVC which seeks Declaratory relief and Damages for the enforcing of the Ordinance Un-Constitutional Ordinance on its face and as applied to these Cross-Complainant/ Applicants.

95. The Cross-Defendants' ordinance authorizes the enforcement of the ordinance by imposing Civil Penalties in the amounts of $1000.00 per day, threatening to lien their interests in Real Property subject matter of the action among other options.

96. That from the inception of the Administrative proceedings and continuing until the present Cross-Complainant has informed Cross-Defendants about the Un-Constitutionality of the Ordinance  they have continued to enforce same.

97. Cross-Complainant is justifiably emotionally distressed every day in fear that the Cross-Defendants will trespass again, do damage to his Real Property.

98. The foreseeable harm is that Cross-Defendants past conduct as to threats; Cross-Complainant is an indication of the Cross-Defendants' desire to continue enforcing the un-Constitutional on its face ordinance

99. For the purposes of an Application and issuance of a Temporary Restraining Order, Preliminary Injunction or other relief; Cross-Complainant's Complaint/Motion  is

DEFENDANT CHOUA M FANG   VERIFIED CROSS-COMPLAINT

57

supported by Cross-Complainant's "Affidavit and Verification" per CCP § 446, 2011 & 2015.5 and Hunt v. Superior Court (1999) 21. Cal. 4th 984, 999-1000.  See PVC 100  It would be an abuse of discretion to deny a TRO because Cross-Defendants' conduct is so egregious and in violation of the U.S. and State Constitutions as is evidenced

101 There are no administrative remedies available and /or are inadequate to protect the

Cross-Complainant from imminent and irreparable injury, thus injunctive relief may be granted to restrain a threatened administrative action or to restrain the enforcement of an administrative decision see (An associated Cal. Loggers, Inc, V Kinder (1978) 79 Call. Apo. 3rd 34,35

102.   Temporary Orders ARE NECESSARY TO PREVENT IRREVOCABLE FORESEEABLE HARM AND WASTE BECAUSE of Cross-Defendants' threats and past conduct.

103. The foresee ability and certainty of this specific particular harm is significant in determining duty. The category of Cross-Defendants' willful abuse of authority and negligent conduct is one that is sufficiently likely to result in the kind of harm experienced already.  See Rowland vs Christian (1968) 69Cal 2nd 112, Civ Code Sec 1714. That if Cross-Complainant previous specific harm, will be repeated is not a question of if but when.

104. Cross-Complainant has exhausted all administrative remedies, and has no adequate remedy at law for the injuries currently being suffered, and threatened injuries threatened to be inflicted defendant will continue to maintain the validity of Ordinance no 348 and enforce it upon Cross-Complainant's land and improvements thereof, unless restrained by order of this Court.

105.   Cross-Defendants wrongful conduct, unless and until enjoined by order of this Court, will cause great and irreparable injury to Cross-Complainant in that  Fong  will not

Page 19

be able to have full use and enjoyment of the real property he owns, or develop, improve or otherwise exercise control over his property.

106.  Cross-Complainant has no adequate remedy at law for the injuries currently being suffered and threatened to be suffered in that it is impossible for Cross-Complainant to determine the amount of damage he will suffer if Cross-Defendants' conduct is not restrained.

Respectively submitted,

Dated:      9 - 2/       , 2021

Choua M Fang  in Pro -Se
 Defendant/Cross-Complainant

DEFENDANT CHOUA M FANG  VERIFIED CROSS-COMPLAINT

## VERIFICATION

(Code of Civil Procedure, Sections 446, 2009 & 2015.5)
**Hunt v. Superior Court** (1999) 21 Cal. 4th 984, 999-1000

STATE OF CALIFORNIA          )
                             } ss
COUNTY OF  Riverside         )

    I   Choua M. Fong   am The  Defendant  and Cross complaint     in the above-
entitled  action  I .Verified   and know the contents t of my cross complaint
    I certify that the same is true of my own knowledge, except as to those matters
which are therein alleged on information and belief, and as to those matters, I believe
them to be true.
    I declare under penalty of perjury under the laws of the State of California that
the foregoing is true and correct.

Executed on   9-2 1    , 2022  at  Anza , California.

                                     Declarant

Electronically FILED by Superior Court of California, County of Riverside on 09/21/2022 12:02 PM
Case Number CVSW2205879 0000034328081 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Dallas Vitito, Clerk

**POS-030**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Choua M. Fang self represented 957 Reaney Ave. Apt 1 St Paul MN 55106 | |

TELEPHONE NO.:       FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Choua M Fang

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Riverside . Ca. 92501
BRANCH NAME: Historic Court House

PETITIONER/PLAINTIFF: County of Riverside

RESPONDENT/DEFENDANT: Choua M Fang

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER: CVSW 2205789 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   2437 E Westport Circle , Anaheim Ca. 92731

3. On *(date):* 9-21   2022   I mailed from *(city and state):* Anza Ca.
   the following **documents** *(specify):*
   Choua M Fang verified cross-complaint

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*

   a. ☒ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.

   b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:

   a. **Name** of person served: Gatzke Dillon & Ballance

   b. **Address** of person served:
      3762 Gateway Road Carlsbad Ca. 92009

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 9-2 )   2022

Sixto Sanchez
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)

▶ _Sixto Sanchez_
(SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use
Judicial Council of California
POS-030 [New January 1, 2005]

**PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1013, 1013a
www.courts.ca.gov

6/

PROOF OF SERVICE

UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION   CA     CASE NO ::

RIVERSIDE COUNTY SUPERIOR COURT CASE NO   :   CVS 2205 879

Sixto Sanchez I , the undersigned, say that I am a citizen of the United States and am employed in the county of Riverside, over the age of 18 years and not a party to the within action or proceeding, that my business address  is 2437 E West Port Circle Anaheim Ca. 92606

On   10 - 4-       2022 , A true and correct copy of the foregoing document or documents

Notice of Removal of case to Federall  Court  Persuant  to 28 U.S.C. 1331 and 1445

Was served  on all parties pursuant to FRCIV P 5(b)as follows:

Gatzke Dillon ^ Balance   Attorneys for  County of Riverside   plaintiff

2762 Gagteway Road

Carlsbad, Ca. 92009

Tel 760=431=9501

fax 760-431-9512

E mail mdillon@gdandb,com

I mailed First class  mail postate pre paid . I am readily familiar with this office 's practice of collection and processing of correspondence  for mailing. Under that practice it would be deposited with the U.s p Postal service on the  same day with postage thereon fully prepaid at Riverside California , in the ordinary course of business. I am also aware that on  motion of the party served, service  is presumed invalid if postal cancelation date or postal  meter date  is more than one day after date of depo sit for mailing  in  affidavit

I declare under penalty of perjury under the lawas of the state of California   and under the laws  of the United States of America that the foregoing  is  true  and correct

Executed on   10 - 4- 2022   at Riverside California

Sixto   Schamez